UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

LARRY K. REED, )
)
Petitioner, )
)
v. ) No. 4:11-cv-02199-JAR
)
MICHAEL BOWERSOX[1], )
)
Respondent. )

## MEMORANDUM AND ORDER

This matter is before the Court on Petitioner Larry K. Reed's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1). The Government responded (Doc. 8). For the following reasons, Petitioner's Section 2254 petition is **DENIED** and this action is **DISMISSED with prejudice.**

### I. Introduction and Background

On November 5, 2007, Petitioner pled guilty to one count of first-degree attempted robbery, one count of first-degree assault, and two counts of armed criminal action in Case Number 22051-03936, and one count of first-degree robbery and one count of armed criminal action in Case Number 22051-04046. The court accepted his open plea and sentenced him to fourteen (14) years' imprisonment with the Missouri Department of Corrections.

Petitioner did not file a direct appeal of his convictions or sentences. He did, however, file a motion to vacate, set aside, or correct the judgment and sentence pursuant to Rule 24.035

---

[1] Petitioner is currently incarcerated at South Central Correctional Center ("SCCC") in Licking, Missouri (Doc. 12). Michael Bowersox is the current Warden and proper party respondent. *See* 28 U.S.C. § 2254, Rule 2(a).

of the Missouri Rules of Criminal Procedure. In his post-conviction relief ("PCR") motion, Petitioner raised one claim:

> 1) Plea counsel was ineffective in failing to exercise the customary skill and diligence that a reasonably competent attorney would exercise under the same or similar circumstances in the she misinformed him that he would only have to serve three years before being released on probation and did not inform him that, under Section 558.019 RSMo, he would have to serve at least 85% of his first-degree robbery and first-degree assault sentences because they are classified as dangerous felonies.

(Ex. B at 92-104). On September 13, 2011, the Missouri Court of Appeals rejected his claim and affirmed the denial of his PCR (Ex. E).

On December 15, 2011, Petitioner filed the instant Section 2254 petition in which he raises the following three grounds for relief:

1) Plea counsel was ineffective because she told Petitioner that after he served three years for armed criminal action, he would be released from DOC on probation for the remaining charges.

2) Plea counsel was ineffective because she neglected Petitioner's case.

3) Plea counsel was ineffective because she "misled me from the beginning" (Doc. 1 at 6).

## II. Analysis

Pursuant to 28 U.S.C. § 2254, a district court "shall entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Federal courts may not grant habeas relief on a claim that has been decided on the merits in State court unless that adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)-(2). " 'A state court's decision is contrary to . . . clearly established law if it applies a rule that contradicts the governing law set forth in [Supreme Court] cases or if it confronts a set of facts that are materially indistinguishable from a [Supreme Court] decision ... and nevertheless arrives at a [different] result.' " *Cagle v. Norris*, 474 F.3d 1090, 1095 (8th Cir. 2007) (quoting *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003)). A State court "unreasonably applies" federal law when it "identifies the correct governing legal rule from [the Supreme] Court's cases but unreasonably applies it to the facts of the particular state prisoner's case," or "unreasonably extends a legal principle from [the Supreme Court's] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." *Williams v. Taylor*, 529 U.S. 362, 407 (2000). A State court decision may be considered an unreasonable determination "only if it is shown that the state court's presumptively correct factual findings do not enjoy support in the record." *Ryan v. Clarke*, 387 F.3d 785, 791 (8th Cir. 2004) (citing 28 U.S.C. § 2254(e)(1)). A State court's factual findings are presumed to be correct. 28 U.S.C. § 2254(e)(1); *Wood v. Allen*, 558 U.S. 290, 293 (2010). Review under § 2254(d)(1) is limited to the record before the state court that adjudicated the claim on the merits. *Cullen v. Pinholster*, 131 S.Ct. 1388, 1398 (2011). Clear and convincing evidence that State court factual findings lack evidentiary support is required to grant habeas relief. 28 U.S.C. § 2254(e)(1); *Wood*, 558 U.S. at 293.

A habeas petitioner must clear two procedural hurdles before the Court may reach the merits of his habeas corpus petition: exhaustion of remedies and procedural default. Before seeking habeas relief, a petitioner is required to bring his claims through "one complete round of the State's established appellate review process" because "the exhaustion doctrine is designed to give the State courts a full and fair opportunity to resolve federal constitutional claims before

those claims are presented to the federal courts." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999), *see also* 28 U.S.C. § 2254(c). Because Petitioner has failed to bring Grounds 2 and 3 through the applicable state review process, they must be dismissed. Petitioner did bring Ground 1 in his motion for PCR, therefore the Court will review this ground on the merits.

In order to state a claim of ineffective assistance of trial counsel, petitioner must meet the *Strickland* standard: petitioner must demonstrate that his counsel's performance was deficient and that he was prejudiced by that performance. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Deficient representation means counsel's conduct fell below the conduct of a reasonably competent attorney. *Strickland*, 466 U.S. at 687. To establish prejudice, petitioner must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. Federal habeas review of a *Strickland* claim is highly deferential, because "[t]he question is not whether a federal court believes the state court's determination under the *Strickland* standard was incorrect but whether the determination was unreasonable — a substantially higher threshold." *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009) (internal quotations and citations omitted).

In this case, the state appellate court identified the correct governing legal rule and reasonably applied it to the facts of Petitioner's case. *Williams*, 529 U.S. at 407. While it did not directly cite to *Strickland*, the state appellate court identified the correct governing legal rule when it cited to *Roberts v. State*, 276 S.W. 3d 833, 836 (Mo. 2009) (en banc.) for the proposition that, "A claim of ineffective assistance of counsel after a guilty plea has merit only if the movant shows that his counsel's representation fell below an objective standard of reasonableness and that, as a result, he was prejudiced." Thereafter, the state appellate court reasonably applied this rule to the facts of Petitioner's case. Specifically, the state appellate court relied on testimony

presented to the lower court by plea counsel that she was "extremely familiar with the statute providing for the 85 percent rule" and that "it was her standard practice to review [minimum sentences, such as the 85 percent rule,] with [her clients] prior to pleading guilty" (Ex. E at 4). The state appellate court also found compelling a letter written by Petitioner prior to his guilty plea in which he mentioned that some of his sentences would be subject to the 85 percent minimum and used the words " 'eighty-five percent you guaranteed' " (Ex. E at 4). The state appellate court reasonably applied the correct legal standard to the facts of Petitioner's case and concluded that Petitioner failed to "prove his contention by a preponderance of the evidence" and "[t]here is no clear error in the trial court's determination that Movant knew the 85 percent rule applied when he pleaded guilty" (Ex. E at 3, 4). Therefore, the Court finds Petitioner's Ground 1 without merit.

### III.  Conclusion

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner Larry K. Reed's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) is **DENIED.**

**FURTHER** the Court finds that, because Petitioner cannot make a substantial showing of the denial of a constitutional right, the Court will not issue a certificate of appealability. *See Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997), cert. denied, 525 U.S. 834 (1998).

A judgment dismissing this case is filed herewith.

Dated this 31st day of October, 2014.

*John A. Ross*

  **JOHN A. ROSS**
  **UNITED STATES DISTRICT JUDGE**